*164 OPINION.
ICeRN :
The ultimate question involved in this proceeding is whether petitioner is entitled to a credit provided in section 26 (c) (1) of the Eevenue Act of 1936, set out in the margin hereof,[1] relating to contracts restricting dividends, in an amount equal to or in excess of $37,878.05 representing the undistributed net income of petitioner determined by respondent to be taxable under section 14 of that act.
The contract described in our findings of fact, to which petitioner was a party, is a written contract executed by petitioner corporation prior to May 1, 1936, which expressly dealt with the payment of dividends and operated as a legal restriction upon petitioner as to amounts which it could distribute as dividends on its common stock so long as any of its preferred stock remained unretired pursuant to the contract. (See art. 26-2 (b), Eegulations 94.) Eespondent insists, however, that, since petitioner had an excess of $25,000 cash on hand at the end of 1936 and could, therefore, have retired the remaining outstanding $20,000 par value of preferred stock and thus have removed any contract restrictions on the payment of dividends on its common stock, petitioner is not entitled to such a credit.
The short answer to respondent’s contention is that petitioner did not retire its remaining outstanding preferred stock during the taxable year and was under no legal obligation so to do. Therefore, it
*165 could not distribute any amount as dividends without violating the express provision of the contract and was entitled to a credit in the amount of its adjusted net income pursuant to the provisions of section 26 (c) (1) of the Act of 1936.
In this proceeding we are not called upon to decide nor do we decide a question which might be presented if a corporation, with cash and liquid assets greatly in excess of both its current obligations and its secured obligations which were by written contract to be retired before the payment of dividends, delayed the retirement of such securities for an unreasonable length of time for the purpose of obtaining the credit provided for by section 26 (c) (1) of the Act of 1936. Such was not the case here. In this case petitioner’s balance sheet attached to its 1936 income tax return showed as of the end of the taxable year current assets as follows:
Cash _$25,213. 01
Notes receivable_ 40.00
Amounts receivable- 11, 561. 61
It showed current liabilities (exclusive of taxes) as follows:
Notes payable_$7,239. 35
Accounts payable- 10. 542. 67
It is obvious that petitioner’s liquid assets were insufficient to pay its current liabilities and at the same time retire all of its preferred stock outstanding. It had retired all-of its preferred stock except this amount even before it was called upon to make such retirements by the terms of the contract. It retired preferred stock of a par value of $25,000 in 1934, of $10,000 in 1935, and of $20,000 in 1936, and in 1937 it retired the balance outstanding of a par value of $20,000.
On these facts we hold for petitioner.

Decision will be entered wider Rule 50.

 (c) Contracts Restricting Payment of Dividends.—
(1) Prohibition on payment of dividends. — An amount equal to the excess of the adjusted net income over the aggregate of the amounts which can be distributed within the taxable year as dividends without violating a provision of a written contract executed by the corporation prior to May .1, 1936, which provision expressly deals with the payment of dividends. If a corporation would be entitled to a credit under this paragraph because of a contract provision and also to one or more credits because of other contract provisions, only the largest of such credits shall be allowed, and for such purpose if two or more credits are equal in amount only one shall be taken into account.